FILED

JAN 19 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEPHEN AUSTIN DeGUIRE and<br>SANDRA KAY DeGUIRE,<br><br>        Debtors. | Case No. 15-27614-B-13<br><br>DC No. WFH-1 |
| In re:<br><br>COREY CLINTON DeGUIRE,<br><br>        Debtor. | Case No. 15-27615-B-13<br><br>DC No. WFH-1 |

**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CASE NO. 15-27614, GRANTING MOTION TO DISMISS CASE NO. 15-27615, AND DENYING CONFIRMATION OF CHAPTER 13 PLANS IN CASE NOS. 15-27614 AND 15-27615**

INTRODUCTION

   Presently before the court is a motion by Maricopa Orchards, LLC to dismiss the following related Chapter 13 cases: (1) <u>In re Stephen Austin DeGuire and Sandra Kay DeGuire</u>, Case No. 15-27614; (2) <u>In re Corey Clinton DeGuire</u>, Case No. 15-27615. There are also pending motions to confirm Chapter 13 plans filed in both cases.

   Except for a few matters particular to the respective individuals such as the debtors' ages, families, and income, the facts relevant to the court's disposition of Maricopa's motion to dismiss each case are identical and so are the respective debtors' oppositions and declarations. According to each of the debtors, the key facts in both cases are either undisputed or not reasonably subject to dispute. Each of the debtors in both cases

also consent to the resolution of all factual disputes under Federal Rule of Civil Procedure 43(c) made applicable by Federal Rule of Bankruptcy Procedure 9017.  See also LBR 9014-1(b)(1)(A).

The court has reviewed and considered the motions to dismiss, the oppositions, the replies, the debtors' additional evidentiary objections, all related declarations and exhibits, and the supplemental points and authorities the court requested from the parties.  The court has also heard and considered the arguments and statements of counsel made on the record in open court on December 9, 2015.  For the reasons explained below, Stephen DeGuire will be dismissed as a debtor in Case No. 15-27614 and the case filed by Corey DeGuire as Case No. 15-27615 will be dismissed.  Dismissal is required because both Stephen DeGuire and Corey DeGuire are each ineligible under 11 U.S.C. § 109(e) to be debtors under Chapter 13 of the Bankruptcy Code.[1]  Stephen DeGuire and Corey DeGuire are ineligible to be Chapter 13 debtors because each have noncontingent, liquidated, unsecured debts that exceed the statutory cap of $383,175.  Confirmation of the plans filed in both cases will also be denied.

PROCEDURAL BACKGROUND

Stephen DeGuire and Corey DeGuire filed petitions for relief

---

[1] Sandra DeGuire may, if she chooses, remain a Chapter 13 debtor even if Stephen DeGuire is ineligible under § 109(e).  See 11 U.S.C. § 302; In re Tabor, 232 B.R. 85, 92-93 (Bankr. N.D. Ohio 1999) (court determined that, while debtor-husband was ineligible for Chapter 13 bankruptcy, debtor wife was eligible because she was only liable for her joint and separate debts and therefore dismissed as to ineligible spouse).

under Chapter 13 of the Bankruptcy Code on September 29, 2015.

Each also filed plans of reorganization on October 27, 2015. On November 6, 2015, the DeGuires in both cases filed motions for orders confirming their respective plans and applications for orders shortening the time for a confirmation hearing. The court granted those applications and shortened the time for the confirmation hearing in both cases. Confirmation hearings were scheduled for December 16, 2015.

On November 18, 2015, Maricopa filed motions to dismiss both Chapter 13 cases. The court held a preliminary hearing on Maricopa's motions to dismiss on December 9, 2015, at which time it heard and considered the arguments and statements of counsel made on the record in open court. The court also permitted Maricopa to file a reply to the debtors' opposition which Maricopa timely filed.

The hearing on Maricopa's motions to dismiss and the confirmation hearings were continued to January 6, 2016, and then to January 20, 2016, after the court identified an issue that was not addressed by the parties and requested additional briefing. By this memorandum decision, the court disposes of Marciopa's motions to dismiss and the confirmation hearings in Case Nos. 15-27614 and 15-27615. And consistent with each of the debtors' consent to resolution of the motions under Federal Rule of Civil Procedure 43(c), made applicable by Federal Rule of Bankruptcy Procedure 9017, no further hearings are ordered.

STATEMENT OF FACTS

DeGuire Marketing, LLC, was a California limited liability company. It was an international commodities and marketing company, conducting credit sales and marketing with international customers as well as domestic national and regional chains, including Raley's, Costco, Winco, Safeway and Schnucks. Stephen DeGuire and his son Corey DeGuire were the sole members of DeGuire Marketing.

The loss of Maricopa's business and mounting legal fees caused DeGuire Marketing to become insolvent. Maricopa informed DeGuire Marketing on December 20, 2013, that it would not continue to do business with DeGuire Marketing for the 2014 crop year. Nevertheles, Maricopa continued to do business with DeGuire Marketing through December 2014. DeGuire Marketing's litigation costs also began to mount in March of 2015, and it was sued by Maricopa in May of 2015. By September 23, 2015, DeGuire Marketing was defunct, dissolved, and wound up. Stephen DeGuire and Corey DeGuire filed their Chapter 13 petitions six days later on September 29, 2015.

DeGuire Marketing did not pay Maricopa in full for Maricopa's 2013 almond crop. On or about December 29, 2014, DeGuire Marketing provided Maricopa with an accounting that DeGuire Marketing prepared through December 23, 2014. That accounting reflected sales of Maricopa's 2013 almond crop of $8,305,034.47 and payments to Maricopa of $7,318,416.97 for an unpaid difference of $986,617.50. DeGuire Marketing setoff the

unpaid difference for the 2013 almond crop with an overpayment it made to Maricopa of approximately $1,442,439.12 for Maricopa's 2010 almond crop.

DeGuire Marketing's obligation to Maricopa for the 2013 almond crop is listed as a co-debtor obligation of Stephen DeGuire and Corey DeGuire in Schedule F each debtor filed in their respective case. It is also listed as contingent, unliquidated, and disputed. The amount of the obligation is not stated. However, for purposes of Maricopa's motions to dismiss and this decision, that amount is determined to be $986,617.50.[2]

Schedule H filed by Stephen Deguire and Corey DeGuire in their respective cases also lists both Stephen DeGuire and Corey DeGuire as co-debtors with DeGuire Marketing for the debts listed on their respective Schedules F. That includes DeGuire Marketing's scheduled debt to Maricopa. Schedule H in both Chapter 13 cases also lists Stephen DeGuire and Corey DeGuire as co-debtors of one another.

---

[2] The debtors' oppositions state that DeGuire Marketing is entitled to exercise a valid right of setoff in the amount of $1,442,439. They also state this setoff is truthfully and accurately stated in the sales summary referenced in the declaration submitted by Tobin Martin in support of the motions to dismiss. The only sales summary referenced in Mr. Tobin's declaration and submitted with the motions to dismiss – and the only sales summary considered by the court for purposes of this decision – is Maricopa's Exhibit B. Since no party disputes the authenticity, validity, or accuracy of that Exhibit B, the court uses it to establish the debt for eligibility purposes. The court calculates that debt as follows: sales of $8,305,034.47 and receipts paid to Maricopa at $7,318,416.97 for an unpaid difference of $986,617.50.

-5-

JURISDICTION

Federal subject-matter jurisdiction is founded on 28 U.S.C. § 1334. These matters are core proceedings that a bankruptcy judge may hear and determine. 28 U.S.C. §§ 157(b)(2)(A), (L), and (O). To the extent they may ever be determined to be matters that a bankruptcy judge may not hear and determine without consent, the parties nevertheless consent to such determination by a bankruptcy judge. 28 U.S.C. § 157(c)(2). Venue is proper under 28 U.S.C. § 1409.

DISCUSSION

Whether Stephen DeGuire and Corey DeGuire are eligible to be Chapter 13 debtors turns on the amount of their noncontingent, liquidated, unsecured debt. Section 109(e) limits eligibility for Chapter 13 relief to individuals with regular income who owe on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175.[3] Eligibility debt limits are strictly construed. Soderlund v. Cohen (In re Soderlund), 236 B.R. 271, 274 (9th Cir. BAP 1999).

Eligibility under § 109(e) is normally determined by a review of a debtor's originally filed schedules, checking only to see if the schedules were made in good faith. In re Scovis, 249

---

[3] In relevant part, § 109(e) states as follows:
Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 ... may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

F.3d 975, 982 (9th Cir. 2001). However, if a bad-faith objection is raised by a party in interest, the bankruptcy court should look past the schedules to other evidence submitted so long as the debt computation for eligibility is determined as of the petition date. Id. at 981 (internal quotations omitted); Guastella v. Hampton (In re Guastella), 341 B.R. 908, 918-921 (9th Cir. BAP 2006). Here, Maricopa has raised bad faith and eligibility issues both as to the filing of the two Chapter 13 cases and confirmation of the plans filed by each of the respective debtors in those cases. Therefore, the court will conduct a limited inquiry beyond the schedules and will consider limited evidence submitted by the parties including their respective declarations and related exhibits.[4]

Unsecured and Noncontingent Debt

DeGuire Marketing's obligation to Maricopa for the 2013 almond crop payment is an unsecured debt. It is also a noncontingent debt inasmuch as it is based on and arises from events that occurred entirely pre-petition. See In re Loya, 123 B.R. 338, 340 (9th Cir. BAP 1991); see also Nicholes v. Johnny Appleseed of Wash. (In re Nicholes), 184 B.R. 82, 88 (9th Cir. BAP 1995). By asserting that DeGuire Marketing is entitled to

---

[4] Guastella states this limited inquiry should be conducted without engaging in extensive proceedings and without allowing evidentiary hearings to dominate the inquiry. Guastella, 341 B.R. at 918. The court again notes that each of the debtors have consented to resolution of disputed factual issues without the need for further hearings. This approach is entirely consistent with Scovis and Guastella.

1 setoff what its owes Maricopa for the 2013 almond crop with what
2 it paid Maricopa for the 2010 almond crop, each of the debtors
3 acknowledge the existence of a pre-petition debt that is not
4 contingent and does not depend on the occurrence of any event or
5 condition precedent.  In other words, in order to exercise a
6 right of setoff, there must first be an existing debt subject to
7 setoff.

Liquidated Debt

The primary dispute is whether this noncontingent, unsecured debt is liquidated.  Each of the debtors maintain the debt is unliquidated because it is disputed and not readily ascertainable.  Disputed claims are not excluded from the eligibility calculation. <u>Nicholes</u>, 184 B.R. at 90-91 (holding that "the fact that a claim is disputed does not per se exclude the claim from the eligibility calculation under § 109(e), since a disputed claim is not necessarily unliquidated"). Nevertheless, each of the debtors maintain the debt is unliquidated because it is disputed as to both amount and liability.  It is allegedly disputed as to amount because it is subject to setoff and as to liability because Stephen DeGuire and Corey DeGuire are not personally liable for DeGuire Marketing's obligation to Maricopa.  Neither argument is persuasive.

Liquidated as to Amount

Each of the debtors maintain that DeGuire Marketing's obligation to Maricopa for the 2013 almond crop is not liquidated because the amount is disputed and not readily determinable. They maintain the amount is disputed and not readily determinable because the amount due Maricopa for the 2013 almond crop is subject to a valid right of setoff based on an overpayment to Maricopa for the 2010 almond crop. The court disagrees.

A debt is liquidated for purposes of calculating Chapter 13 eligibility if the amount of the debt is readily determinable even if liability has not been finally decided. Slack v. Wilshire Ins. Co. (In re Slack), 187 F.3d 1070, 1073-75 (9th Cir. 1999). This depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt. Id. at 1074. "The definition of 'ready determination' turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." Id. at 1073-74 (quotation omitted).

DeGuire Marketing's obligation to Maricopa for the 2013 almond crop can be readily determined from the accounting that DeGuire Marketing prepared and provided to Maricopa in December 2014, i.e., $986,617.50. The amount of that obligation is readily determinable - and thereby liquidated as to amount - even if it is subject to a valid right of setoff. On the latter

point, the Ninth Circuit is clear: The existence of a right of setoff - even if it exceeds and would negate an amount owed to a creditor - does not convert a liquidated debt into an unliquidated obligation. Sylvester v. Dow Jones and Co. (In re Sylvester), 19 B.R. 671, 673 (9th Cir. BAP 1982); see also Quintana v. Comm'r (In re Quintana), 915 F.2d 513, 517 (9th Cir. 1990) (holding that debtors may not use a counterclaim to setoff the amount of debt for Chapter 12 eligibility purposes). Here, the amount of DeGuire Marketing's obligation to Maricopa is easily calculated and readily determinable by subtracting the amount DeGuire Marketing paid Maricopa for the 2013 almond crop from the amount of sales of Maricopa's 2013 almond crop. Any right of setoff that DeGuire Marketing has against Maricopa is not relevant and, thus, is not considered in this determination. Therefore, as to amount, DeGuire Marketing's obligation to Maricopa is liquidated.

Liquidated as to Liability

Each of the debtors offer a number of reasons why Stephen DeGuire and Corey DeGuire are not personally liable for DeGuire Marketing's debt to Maricopa and, thus, why the debt owed Maricopa is unliquidated as to liability. They also maintain that resolution of any personal liability would require significant evidentiary hearings. According to each of the debtors, that means the debt is not readily ascertainable and, therefore, unliquidated. Again, the court disagrees.

California courts adhere to the "trust fund doctrine" pursuant to which all of the assets of a corporation, immediately upon becoming insolvent, become a trust fund for the benefit of the corporation's creditors. Berg & Berg Enter., LLC v. Boyle, 100 Cal. Rptr. 3d 875, 893 (Cal. Ct. App. 2009); see also In re Jacks, 266 B.R. 728, 737 (9th Cir. BAP 2000). The doctrine imposes fiduciary obligations on directors of the insolvent entity for the benefit of the entity's creditors. Berg, 100 Cal. Rptr. 3d at 893-94; Scouler & Co., LLC v. Schwartz, 2012 WL 1502762 *5 (N.D. Cal. 2012). These duties arise at insolvency and require the avoidance of diverting, dissipating, or unduly risking corporate assets. Berg, 100 Cal. Rptr. 3d at 894. More important, these fiduciary duties exist "prior to any wrongdoing and without reference to [any] wrong." Houng v. Tatung Co., Ltd., 2016 WL 145841 at *1 (9th Cir. 2016)(internal quotations and brackets removed); see also In re Kallmeyer, 242 B.R. 492 (9th Cir. BAP 1999) (fiduciary duties under trust fund doctrine imposed prior to any defalcation and independently of any wrongdoing and exist prior to and without reference to it).[5]

Each of the debtors attribute DeGuire Marketing's insolvency to two events: (1) the loss of Maricopa's business and (2)

---

[5]Although limited liability companies differ from corporations, the same policies of protecting creditors of insolvent corporations are applicable to creditors of insolvent limited liability companies. See In re Houng, 499 B.R. 751, 771 n. 52 (C.D. Cal. 2013), aff'd, 2016 WL 145841(9th Cir. 2016); Dollar Tree Stores, Inc. v. Toyama Partners, LLC, 2011 WL 3295420 at *9 (N.D. Cal. 2011); JPMorgan Chase Bank, N.A. v. KB Home, 632 F. Supp. 2d 1013, 1027 (D. Nev. 2009); In re McCook Metals, L.L.C., 319 B.R. 570, 595 (Bankr. N.D. Ill. 2005).

mounting legal costs.  The former occurred as late as December 2014 and the latter occurred between May 2015 (when DeGuire Marketing was hit with a second lawsuit) and September 23, 2015 (when DeGuire Marketing was defunct, dissolved, and wound up). But in any event, the debtors' admissions permit the court to conclude that DeGuire Marketing was insolvent at least six days before - and therefore on - the petition date.

DeGuire Marketing's insolvency imposed fiduciary obligations on Stephen DeGuire and Corey DeGuire.  Those duties extended to all of DeGuire Marketing's creditors and included personal and individual liability to Maricopa for the unpaid balance of Maricopa's 2013 almond crop.  That personal liability was noncontingent inasmuch as it was based on a prepetition event, i.e., the insolvency of DeGuire Marketing.  Personal liability was also liquidated even in the absence of a determination that the duties were breached because the duties - and thus personal liability - existed prior to any wrongdoing and independent of any wrong.  Therefore, just as the amount of DeGuire Marketing's noncontingent unsecured obligation to Maricopa was liquidated at $986,617.50 on the petition date, so too was the personal liability of Stephen DeGuire and Corey DeGuire for that obligation.

The court's conclusion is reinforced by the schedules that Stephen DeGuire and Corey Deguire each filed in their respective cases.  Those schedules contemplate each of the debtors' personal liability for DeGuire Marketing's obligation to Maricopa.

Schedule H requires a debtor to "[p]rovide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors." Whereas Schedule F identifies DeGuire Marketing's debt to Maricopa, Schedule H filed in each Chapter 13 case states that Stephen McGuire and Corey DeGuire are co-debtors on that debt with DeGuire Marketing. Schedule H was signed and filed under penalty of perjury. See Fed. R. Bankr. P. 1008.

Some courts recognize that "[s]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." In re Roots Rents, Inc., 420 B.R. 28, 40 (Bankr. D. Utah) (quoting In re Bohrer, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001)). Other courts treat statements in schedules as evidentiary admissions under Federal Rule of Evidence 801(d)(2)(A). In re Heath, 331 B.R. 424, 431 (9th Cir. BAP 2005) (citation omitted); see also In re Vee Vinhee, 336 B.R. 437, 449 (9th Cir. BAP 2005); In re Applin, 108 B.R. 253, 259 (Bankr. E.D. Cal. 1989). The Ninth Circuit has not squarely addressed the issue. However, in Perfectly Fresh Farms, Inc. v. U.S. Dep't of Agric., 692 F.3d 960 (9th Cir. 2012), the Ninth Circuit opined that bankruptcy schedules were evidence admissible in statutory PACA claims over liability. Consistent with the Ninth Circuit's opinion in Perfectly Fresh Farms and this court's opinion in Applin, this court views, and therefore in this case will treat

and admit, each of the debtors' schedules in general - and Schedules F and H filed in each of the debtors' cases in particular - as evidentiary admissions under Federal Rule of Evidence 801(d)(2)(A).

The debtors' evidentiary admissions carry significant weight. They represent each debtors' initial assessment of the extent of their individual liability and the basis for their decision to seek bankruptcy relief. The court also perceives the inclusion of co-debtor liability as an effort by Stephen DeGuire and Corey DeGuire to insulate themselves personally from liability for Maricopa's claim against DeGuire Marketing through the res judicata effect of a confirmed Chapter 13 plan.

Conclusion

Stephen DeGuire and Corey DeGuire were each individually liable for noncontingent, liquidated, unsecured debts in excess of $383,175 on the petition date. Those debts exceed the statutory limit under § 109(e). Consequently, Stephen DeGuire and Corey DeGuire are ineligible to be debtors under Chapter 13 of the Bankruptcy Code.[6] Therefore, based on the foregoing,

IT IS ORDERED that Maricopa's motion to dismiss Case No. 15-27614 is GRANTED IN PART AND DENIED IN PART. The motion is

---

[6]Although ineligible under Chapter 13, nothing precludes Stephen DeGuire and Corey DeGuire from filing petitions for relief under Chapter 11 of the Bankruptcy Code. Nothing precludes Sandra DeGuire from seeking dismissal of her Chapter 13 case and re-filing with Stephen DeGuire under Chapter 11 should she so choose.

GRANTED as to Stephen DeGuire and DENIED as to Sandra DeGuire.

IT IS FURTHER ORDERED that based on the disposition of the motion to dismiss in Case No. 15-27614, the motion to confirm the plan filed October 27, 2015, in Case No. 15-27614 is DENIED without prejudice and the plan filed in Case No. 15-27614 on October 27, 2015, is not confirmed.

IT IS FURTHER ORDERED that Maricopa's motion to dismiss Case No. 15-27615 is GRANTED, and that case is dismissed.

IT IS FURTHER ORDERED that based on the disposition of the motion to dismiss in Case No. 15-27615, the motion to confirm the plan filed October 27, 2015, in Case No. 15-27615 is DENIED as moot, and the plan filed in Case No. 15-27615 on October 27, 2015, is not confirmed.

IT IS FURTHER ORDERED that the hearings set in Case Nos. 15-27614 and 15-27615 for January 20, 2016, on each of the above-referenced matters are VACATED, and no appearance on January 20, 2016, is required.

Dated:   January 19, 2016.

_____
UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Reno F.R. Fernandez
914 13th St
Modesto CA 95354-0903

Daniel L. Egan
400 Capitol Mall 22nd Fl
Sacramento CA 95814

Hilton A. Ryder
7647 N. Fresno Street
Fresno CA 93720

Jan P. Johnson
PO Box 1708
Sacramento CA 95812